IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSE MARIE CAPUTO** | : | **CIVIL ACTION** |
| *ADMINISTRATIX OF THE ESTATE* | : | |
| *OF ROBERT ADAM CAPUTO* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **RAYMOND P. FORCENO** | : | **NO. 15-1911** |

### ORDER-MEMORANDUM

**AND NOW**, this 5th day of May 2015, upon consideration of Plaintiff's letter motion for reconsideration (ECF Doc. No. 3), It is **ORDERED** that Plaintiff's Motion is **GRANTED in part upon certain conditions:**

1. To the extent Plaintiff seeks additional time to pay the $400 in fees necessary to commence this litigation, her motion is **GRANTED**. Plaintiff must remit $400 to the Clerk of Court by **May 26, 2015**. To the extent Plaintiff seeks reconsideration of the Court's denial of *in forma pauperis* status, her motion is **DENIED**.

2. If Plaintiff seeks to proceed with any claims brought on behalf of her father's estate, she must, by **May 26, 2015**, either (a) obtain counsel who enters an appearance for the estate; or, (b) file a declaration signed under penalty of perjury swearing that the estate has no creditors and that the other beneficiaries have disclaimed their interest her father's estate in writing and that she is the sole beneficiary.

3. If Plaintiff seeks to amend her initial designation form, she may file an amended designation form on or before **May 26, 2015**.

*Analysis*

Plaintiff Rose Marie Caputo, a non-attorney proceeding *pro se*, initiated this action by filing a motion for leave to proceed *in forma pauperis* and a complaint against Raymond P. Forceno. Ms. Caputo claims that Forceno, an attorney for the estate of her father, Robert Adam Caputo, of which Ms. Caputo is the administratix, committed legal malpractice and/or breached his fiduciary duty by withholding money owed to the estate from a settlement. Although Ms. Caputo primarily raises claims in her capacity as administratrix of her father's estate, it appears she may also be raising claims in her individual capacity.

On April 17, 2015, we denied Ms. Caputo's leave to proceed *in forma pauperis* (ECF Doc. No. 2). As a non-attorney proceeding *pro se*, she may not prosecute claims on behalf of the estate in the event the estate has other beneficiaries. Ms. Caputo's timely wrote to the Court requesting additional time to pay the filing fee and asking whether she may proceed on behalf of the estate if the other beneficiaries sign waivers "admonishing any further interest in the Estate" or attesting "that no legal action would be ensued on their parts against any of the parties involved." Ms. Caputo would also like to amend the designation form she filed with her complaint.

Although individuals who are not attorneys may prosecute "their own cases" *pro se* in federal court, pursuant to 28 U.S.C. § 1654, "[t]he federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, --- F. App'x ---, 2015 WL 1787011, at *2 (3d Cir. Apr. 21, 2015) (per curiam) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)); *see also Osie-Afriyie ex rel. Osie-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 878 (3d Cir. 1991) ("[A] parent who is not an attorney must be represented by legal counsel

2

in bringing an action on behalf of his or her minor children."). Even a power of attorney is insufficient to overcome that prohibition. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court.").

Federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors. *Compare Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (per curiam) (*pro se* litigant could not prosecute claims on behalf of estate/heirs); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) ("'[W]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings.'" (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (alteration in original))) *with Guest v. Hansen*, 603 F.3d 15, 17 (2d Cir. 2010) ("[A]n administrator can proceed *pro se* where an estate has neither creditors nor beneficiaries other than the administrator.").

If the beneficiaries of Robert Adam Caputo's estate fully and finally relinquish their interests in writing such that Ms. Caputo is the sole remaining beneficiary, and provided that the estate has no creditors, Ms. Caputo is permitted to proceed *pro se* as administratix of her father's estate as the sole party in interest. *See Guest*, 603 F.3d at 19-21. Alternatively, the case may proceed on behalf of all of the beneficiaries if Ms. Caputo retains counsel.

3

_____
KEARNEY, J.

**4**